# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert McGee,                          :
               Petitioner          :
                                  :

         v.                          :    No. 1802 C.D. 2016
                                  :    Submitted: April 7, 2017

Pennsylvania Board of Probation          :
and Parole,                              :
               Respondent          :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                **FILED: June 20, 2017**

Robert McGee (McGee) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) that denied his request for administrative relief following a Board order that recommitted him as a technical parole violator. McGee argues the Board's decision that he committed multiple technical parole violations was not supported by substantial evidence. Upon review, we dismiss McGee's petition for review as moot.

In 2006, McGee pled guilty to two counts of aggravated assault and was sentenced to 5½ to 12 years in prison. At that time, McGee's minimum sentence date was June 20, 2010, and his maximum sentence date was December 20, 2016.

Relevant here, the Board released McGee on reparole in May 2015. Thereafter, in March 2016, McGee was detained and charged with three counts of violating special condition #7 of his parole, one count of possessing alcohol and two counts of failing to refrain from contacting his victim.

After a hearing, the Board issued a decision recommitting McGee for the remainder of his original sentence (8 months and 27 days) as a technical parole violator. The Board's decision indicated McGee's maximum sentence date remained December 20, 2016.

McGee filed a petition for administrative relief, which the Board denied. The Board determined there was sufficient evidence to support the findings that McGee committed the three multiple technical parole violations charged. Thereafter, McGee petitioned for review to this Court.

On appeal, McGee argues the Board's decision that he violated his parole by possessing alcohol was not supported by substantial evidence, and that the evidence was insufficient to establish he violated his parole by having contact with his victim. He asks this Court to vacate the Board's order and remand for reconsideration of whether substantial evidence exists to support the findings that he violated his parole.

After McGee filed his petition for review to this Court, the Board filed an application for relief, asserting this matter is moot. Specifically, the Board asserts that McGee was released from the State Correctional Institution at

Graterford on December 20, 2016, the date his maximum sentence expired. At that time, he completed his sentence. As such, the Board contends, this appeal is moot as the issues raised and the relief sought can no longer be redressed by a favorable judicial decision. See generally Spencer v. Kemna, 523 U.S. 1 (1998) (case becomes moot when alleged injury to parolee can no longer be redressed by favorable judicial decision).

McGee counters that his appeal is not moot. In particular, he argues, "if [he] were to be arrested for a federal crime within fifteen years of the date he was considered to be under supervision, he would be placed in a higher criminal history category and any federal sentence he subsequently received would increase exponentially over and above the sentence he would receive [if] the fifteen year period was not applicable." Parolee's Response to Suggestion of Mootness at ¶7.

"Clearly, the expiration of a parolee's maximum term renders an appeal of a Board revocation order moot." Taylor v. Pa. Board of Prob. & Parole, 746 A.2d 671, 674 (Pa. Cmwlth. 2000) (en banc) (citation omitted). An appeal will be dismissed when the occurrence of an event renders it impossible for the court to grant the requested relief. Id. Dismissal will be refused only if the issues involved are capable of repetition yet likely to evade review and of important public interest, or where a party will suffer some detriment without the court's decision. Id.

Here, there is no dispute that McGee's maximum term expired on December 20, 2016, and he is no longer under the custody and control of the

Commonwealth. Thus, because it is impossible for this Court to grant the relief requested, McGee's appeal is moot. McGee does not assert that the issues involved are capable of repetition yet likely to evade review or are of important public interest. Further, although McGee argues he could receive an enhanced criminal sentence if he were charged with a federal crime within 15 years of the date he was under supervision, McGee's original maximum sentence date was December 20, 2016, and the Board's revocation decision in no way altered or extended that date. As a result, we dismiss McGee's petition for review as moot.[1]

ROBERT SIMPSON, Judge

---

[1] Even if not moot, the record supports the Board's factual determinations that: (1) a search of McGee's car at the parole office uncovered a brown paper bag containing a "375 milliliter bottle of Grey Goose Vodka" under the passenger seat, see Certified Record (C.R.) at 125; and, (2) McGee placed "countless" phone calls and text messages to his victim and appeared at a location where his victim was exercising. Id. at 132-33.

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert McGee,  :
        Petitioner  :
          :
        v.  :   No. 1802 C.D. 2016
          :   Submitted: April 7, 2017
Pennsylvania Board of Probation  :
and Parole,  :
        Respondent  :

# O R D E R

**AND NOW**, this 20th day of June, 2017, the petition for review filed by Petitioner Robert McGee is **DISMISSED as MOOT**.

 

              _____
              ROBERT SIMPSON, Judge